IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID ANSGAR NYBERG,

    Plaintiff,

v.                                                        CASE NO. 4:18-cv-290-WS-GRJ

RICHARD DAVIDSON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court are ECF No. 4, Plaintiff's First Amended Complaint, and ECF No. 5, Brief in Support. Plaintiff failed to file a motion for leave to proceed as a pauper or pay the $400 filing fee.[1]

Plaintiff, a *pro se* prisoner convicted in Florida but incarcerated in Nevada, filed his amended civil complaint against two commissioners on the Florida Commission on Offender Review: Richard Davidson and Melinda Conrod. Plaintiff alleges that these Defendants violated his First

---

[1] In Plaintiff's notice of compliance, ECF No. 6, Plaintiff expresses confusion over the payment of a filing fee from his place of incarceration in Nevada and also says that "the full fee has now been paid." The docket in this case does not reflect that Plaintiff has paid the filing fee in this case. But because the Court recommends dismissal of Plaintiff's complaint for failure to state a claim, there is no need to wait for Plaintiff to pay the fee before moving forward with this case.

and Fourteenth Amendment rights, specifically his right of access to the courts and right to protection, when they denied Plaintiff the privilege of parole. As relief, he requests $250,000 in compensatory damages for each claim, $250,000 in punitive damages for each claim, and a declaration that Defendants violated his rights. ECF No. 4.

Plaintiff alleges the following facts in support of these claims. As background, Plaintiff was convicted on September 12, 1975, of one count of first-degree murder and incarcerated in the Florida Department of Corrections ("FDOC"). Then on November 19, 1990, Plaintiff entered into settlements in two federal cases against the FDOC, and those settlements require that if Plaintiff is incarcerated in Florida he must be housed at Marion Correctional Institution ("Marion C.I."). Plaintiff was then transferred out of Florida for his protection from FDOC staff—to Idaho in 1992, and to Nevada in 1995, where he is currently incarcerated. ECF No. 4 at 5.

Then on September 30, 2015, the Florida Commission on Offender Review conducted a parole hearing in which Defendants participated to determine whether Plaintiff was eligible for parole and what program, if any, he could be sent to. At the hearing, Defendants stated that they would only recommend Plaintiff to the "FIU" program located at Everglades

Correctional Institution ("Everglades C.I.") in Miami, Florida because they were not comfortable with Plaintiff participating in a Nevada program or any other program.[2]

But Plaintiff cannot attend the FIU program at Everglades C.I. because, under the settlement agreements, if Plaintiff is in Florida he must be housed at Marion C.I. Plaintiff, therefore, says that "Defendant Davidson and Conrod insisted that the Plaintiff be denied the privilege of parole unless Plaintiff abandons his First Amendment Right to secure redress of grievances in the rights secured in the settlements." *Id.* at 6–14.

Further, Plaintiff says that the Florida Commission on Offender Review and Defendants were well aware that the main reason for his interstate transfer was the need for protection. Therefore, Plaintiff says that

---

[2] According to Plaintiff, at the hearing Defendant Davidson said, "And so I think it is incumbent upon Mr. Nyberg to readdress the agreement that he entered into with the Florida Department of Corrections to see if there is some sort of willingness on behalf of the Department to revisit that agreement. . . . And so the onus is not on this Commission, but the onus is on Mr. Nyberg to have the issue readdressed with the Florida [DOC] to allow him to return so he can participate in the program that this Commission has referred him to." ECF No. 4 at 7.

Further, at the hearing Defendant Conrod said, "[Nevada has] a program which we don't have a history of someone going there. So I am not comfortable with paroling from Nevada. I would like him to try to get him back to FIU. I don't know why he wasn't allowed to come to FIU. . . . I know Dr. Shern [the Director of FIU], I know that program. I wish he could go to a program that I know and the people that I trust to give me an honest assessment of an inmate. So I don't know. But I know that I only have two options, decline or [extend]." *Id.* at 9, 12.

"Both Defendants Conrod and Davidson knew or should have known that in order for Nyberg to attend FIU that Nyberg would have to forego his right to protection." Additionally, he says "the Defendants denied the Plaintiff the privilege of parole based on the Plaintiff's exercise of his U.S. constitutional right to be protected from cruel and unusual punishment." *Id.* at 14–18.

Although Plaintiff frames his claims as violations of his First and Fourteenth Amendment rights, he has failed to establish the existence of any plausible § 1983 claim against Defendants. "In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). But even liberally construing the complaint, Plaintiff has failed to allege facts sufficient to state a claim for a violation of any of Plaintiff's federal or constitutional rights by Defendants.

Instead, Plaintiff's factual allegations involve two things: First, parole is a privilege, not a right. Second, Defendants did not violate any of Plaintiff's rights in denying him parole (whether the right of access to the courts for redress of his grievances, the right to safety and protection, or any other right), nor did they deny Plaintiff parole because he exercised his

rights. They merely denied Plaintiff parole because they were not comfortable with Plaintiff participating in any program other than the FIU program located at Everglades C.I. in Miami, Florida.

Plaintiff cannot show that Defendants violated his First or Fourteenth Amendment rights simply because Plaintiff was precluded by settlement agreements with the FDOC from attending the program Defendants recommended and felt comfortable with Plaintiff attending. Defendants have permitted Plaintiff to continue to exercise all of his rights and to abide by the terms of the settlement agreements with the FDOC for the sake of his protection. But Defendants have not permitted Plaintiff to attend a transition program of his choice or in another state, and Plaintiff has no right to do so. Therefore, Plaintiff has failed to state a claim that Defendants have violated any of his federal constitutional or statutory rights.

Because Plaintiff's factual allegations do not—and cannot—support a claim that Defendants violated any of Plaintiff's federal statutory or constitutional rights, the Court concludes that any additional amendment to his complaint would be futile. Plaintiff's complaint should therefore be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that this case should

be dismissed for failure to state a claim.

**IN CHAMBERS** this 18th day of July 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**